Jorge Arturo ESCOBAR–
IBARRA, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 05–71941.

United States Court of Appeals,
Ninth Circuit.

Submitted May 6, 2009.*

Filed May 12, 2009.

Howard Dawson, Esquire, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Mark Lenard Gross, Esquire, Deputy Chief Counsel, Oil, U.S. Department of Justice, Judith Reed, Esquire, U.S. Department of Justice Office of the Attorney General, Norah Ascoli Schwarz, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: NOONAN, O'SCANNLAIN, and GRABER, Circuit Judges.

MEMORANDUM **

Petitioner Jorge Arturo Escobar–Ibarra, a native and citizen of Guatemala, entered the United States without inspection. He was placed in removal proceedings, where he admitted that he was removable but sought asylum, withholding of removal, and voluntary departure. The immigration judge ("IJ") denied all relief. Petitioner appealed to the Board of Immigration Appeals ("BIA").

On June 29, 2004, the BIA affirmed the IJ's decision denying asylum and withholding of removal but remanded the case to the IJ to adjudicate the issue of voluntary departure. The IJ granted voluntary departure on March 7, 2005. Petitioner filed a petition for review in this court on April 6, 2005. He does not challenge the grant of voluntary departure but does challenge

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

the BIA's holdings on asylum and withholding of removal.

Applying the logic of our decision in *Castrejon–Garcia v. INS*, 60 F.3d 1359 (9th Cir.1995), Petitioner filed the petition in this case too late because the BIA's June 29, 2004, order was final with respect to asylum and withholding. In that case, the BIA similarly held that the petitioner was deportable but remanded the petition to the IJ for a determination of voluntary departure. The petitioner sought review in this court before the IJ acted on remand. In rejecting an argument that the petition to us was premature, we held that the BIA's order was final despite the remand to decide voluntary departure. *Id.* at 1361–62. Likewise, here, the BIA's decision on asylum and withholding was a final, appealable order, which had to be challenged within 30 days. 8 U.S.C. § 1252(b)(1).

PETITION DISMISSED.